## SECOND DEPARTMENT, AUGUST, 1974

## (August 5, 1974)

■     ADRIAN MILLIN, Respondent, v. LAWRENCE S. MILLIN, Appellant.— Judgment of the Supreme Court, Queens County, entered May 16, 1973, modified, on the law and the facts, by (1) deleting the first two decretal paragraphs, which declare plaintiff to be the equitable owner of the real property in question and direct defendant to deed the property to her and (2) substituting therefor a provision giving plaintiff an equitable lien on the property, limited in amount to the money paid by her out of her own funds at the contract signing and closing and thereafter in reduction of the principal of the mortgage indebtedness and for permanent improvements to the extent that they enhanced the value of the premises, which amount is to be determined upon a remand herein directed. As so modified, judgment affirmed, without costs,

and case remanded for hearing as herein provided. The remedy of constructive trust contravenes public policy when title is taken in the name of a veteran, upon his oral promise to later convey, in order to secure the benefits of the Servicemen's Readjustment Act of 1944 (U. S. Code, tit. 38, former § 693 et seq.) for one not entitled thereto (*Towner* v. *Berg*, 5 A D 2d 481; *Badami* v. *Badami*, 29 A D 2d 645; *Dunn* v. *Dunn*, 1 A D 2d 888). However, in the interests of justice, we impress an equitable lien on the property in favor of plaintiff, as hereinabove directed, for any moneys expended by her out of her own funds at the contract signing and closing and thereafter in reduction of the mortgage principal and for value enhancing permanent improvements (*Badami* v. *Badami*, supra; *Towner* v. *Berg*, supra). Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.